IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-41400 |
| HILLERY LEWAYNE HARDEMAN | § | |
| and JOYCE MARCELLA HARDEMAN, | § | (Chapter 7) |
| | § | |
| DEBTORS. | § | |

### ORDER GRANTING MOTION TO COMPROMISE CONTROVERSY

**CAME ON FOR CONSIDERATION** the *Motion to Compromise Controversy* ("**Motion**") filed by Michelle H. Chow, Chapter 7 Trustee ("**Trustee**") for the Bankruptcy Estate ("**Estate**") of Hillery LeWayne Hardeman and Joyce Marcella Hardeman ("**Debtors**"), seeking approval of the settlement ("**Settlement**") with Andrea Natasha Jutta Fox ("**Fox**") in connection with all claims brought by Debtors in a lawsuit based on pre-petition claims ("**State Lawsuit**") (as more fully described in the Motion) against Fox.  The Medical Providers identified in the Motion have been served with notice of the Motion.  The Court, after due deliberation and a review of the evidence presented, and seeing that no objection has been filed to the Motion by any interested party, finds that good cause has been shown for the relief sought.  Accordingly, the Court finds as follows:

1.  The Trustee's decision to compromise and settle with Fox under the terms described in the Motion is fair and reasonable and in the best interest of the Estate, its creditors and parties in interest.

2.  The decision to enter into the Settlement is a proper exercise of the Trustee's prudent business judgment.

3.  The Motion complies with all applicable Fifth Circuit law regarding FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019.

4. Proper and adequate notice of the Motion has been given, including to each of the Medical Providers (as more fully described in the Motion) ("**Medical Providers**"), and no other or further notice is necessary, and noting that no objection to the Motion and proposed payments and releases have been filed by any of the Medical Providers.

**IN CONSIDERATION OF THE FOREGOING**, the Court finds that the Motion should be and hereby is **GRANTED** in all respects. Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Settlement is approved in all respects; it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee is the owner of the Debtors' claims in the State Lawsuit, and is hereby directed and authorized to execute any and all documents necessary to effectuate the Settlement; it is further

**ORDERED, ADJUDGED and DECREED** that within ten (10) days following entry of this Order, Fox shall pay the sum of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) for the claim of Hillery Hardeman and Seventy-Five Thousand and 00/100 Dollars ($75,000.00) for the claim of Joyce Hardeman (collectively, "**Settlement Payment**") to the Trustee in full satisfaction of any claim in connection with the State Lawsuit brought against it by the Debtors, or any claim which the Trustee may have on behalf of the Debtors and/or the Estate in connection with the State Lawsuit; it is further

**ORDERED, ADJUDGED and DECREED** that within ten (10) days following the receipt of the full Settlement Payment, and without further approval or Order of the Court, the Estate will retain the amount of One Hundred Twenty-Three Thousand Five Hundred Forty-Four and 15/100 Dollars ($123,544.15), and the Trustee, without further Order of this Court, will pay the amount of One Hundred One Thousand and Four Hundred Fifty-Five and 85/100 Dollars ($101,455.85) to The Daspit Law Firm, LLC, as Special Litigation Counsel. It is further

**ORDERED, ADJUDGED and DECREED** that within ten (10) days following receipt of the full Settlement Payment in good funds, and without further approval or Order of the Court, the Trustee is authorized to pay the aggregate sum of Seven Thousand, Nine Hundred Seventy-Two and 60/100 Dollars ($67,972.60) to the following Medical Providers in a pro-rata amount of forty percent (40%) of their respective Medical Liens:

Joyce Hardeman

- a. $398.40 – Century Integrated Partners, LLP
- b. $1,015.15 – Texas Radiology Associates, LLP
- c. $106.07 – Baylor Scott & White Medical Center – Centennial
- d. $816.56 – Allay Spine and Pain, PLLC
- e. $248.04 – CVS Health Corporation
- f. $143.87 – PeopleFirst Pharmacy
- g. $412.00 – Singleton Associates, PA
- h. $1,019.20 – All Injury McKinney
- i. $1,385.60 – DFW Open MRI
- j. $597.60 – ASP Cares Pharmacy
- k. $2,280.00 – Lone Star Neurology
- l. $2,372.00 – Elevate Health Clinics
- m. $8,724.38 – Epic Pain & Orthopedics, PLLC
- n. $8,756.00 - Best Call Funding

Hillery Hardeman

- a. $4.64 – North Texas Pathology Associates
- b. $57.50 – Century Integrated Partners, Inc.
- c. $8,369.56 – Epic Pain & Orthopedics, PLLC

      d.      $798.40 – Singleton Associates, PA

      e.      $2,669.20 – DFW Open MRI

      f.      $648.80 – ProMed, Inc.

      g.      $99.60 – ASP Cares Pharmacy

      h.      $400.00 – Lone Star Neurology

      i.      $2,400.00 – Lakewood Anesthesia, PLLC

      j.      $24,250.03 – Peak Health Surgicare Uptown

Additionally, if funds remain in the estate after payment of administrative expenses and unsecured claims pursuant to 11 U.S. C. § 726(a)(1) and (2), the Trustee is authorized to pay the Medical Providers pro-rata from the remaining proceeds in the estate without further approval or Order of the Court. These payments are in full satisfaction of any claim by any Medical Provider in connection with the State Lawsuit and/or the Medical Leins (as more fully described in the Motion) against the Debtor and/or the Estate without further approval or Order of the Court; it is further

**ORDERED, ADJUDGED and DECREED** that upon timely receipt of the full Settlement Payment in good funds, any claim or potential claim that the Trustee or the Debtor have on behalf of the Debtor and/or the Estate in connection with the State Lawsuit is hereby released; and, finally, it is further

**ORDERED, ADJUDGED and DECREED** that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

    **IT IS SO ORDERED.**

                                  **HONORABLE BRENDA T. RHOADES**
                                  **United States Bankruptcy Judge**